UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                   Case No. 8:14-CV-1187-T-17JSS

ENOCH VAUGHN, individually, and as
Parent and Natural Guardian of M.V.,
a minor, and ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD, ROBERT MENDENHALL,
and JOSEPH PFLIEGER,

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff's, HOUSTON SPECIALTY INSURANCE COMPANY, Dispositive Motion for Summary Judgment, (Doc. # 58), filed April 10, 2015, and Defendants', ENOCH VAUGHN ("Vaughn"), ALL FLORIDA WEATHERPROOFING & CONSTRUCTION ("All Florida"), RICHARD FULFORD ("Fulford"), and ROBERT MENDENHALL ("Mendenhall"), Memorandum in Opposition, (Doc. # 77), filed May 11, 2015. For the following reasons, the motion is **DENIED**.

## BACKGROUND

On May 19, 2014, Plaintiff sued Defendants Vaughn and All Florida, and requested declaratory judgment concerning the status of Vaughn's employment with All Florida, Plaintiff's duty to indemnify or defend allegations in the underlying lawsuit, and the application of an independent contractor endorsement sublimit. (Doc. # 1 at 19). In the

underlying lawsuit, Vaughn alleged he suffered serious personal injuries after All Florida hired Vaughn to perform work on the roof of a mobile home and, while performing the requested work, Vaughn fell through the roof of the mobile home in November 2012. (Doc. # 1 at 4). In addition to personal injuries, Vaughn also alleged M.V., Vaughn's son and dependent, was deprived of Vaughn's services, comfort, companionship, society, and consortium. (Doc. # 1 at 5). Plaintiff amended the complaint twice, and ultimately added three individual defendants after Vaughn amended his complaint in the underlying state court action. (Doc. # 23 at 2). On July 9, 2015, this Court terminated Defendant Joseph Plfieger from the litigation for Plaintiff's failure to perfect timely service. (Doc. # 98).

Plaintiff moves for dispositive summary judgment, arguing if Vaughn was considered an employee at the time of the incident, there is no coverage. (Doc. # 58 at 1). In the alternative, Plaintiff argues if Vaughn was an independent contractor, All Florida failed to fulfill the required conditions precedent to coverage, and, again, there is no coverage. (Doc. # 58 at 2). Defendants collectively contend Vaughn was an independent contractor, and the employer liability exclusion cannot exclude coverage for Vaughn's causes of action against defendants, save All Florida. (Doc. # 77 at 2).

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

2

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248. However, if the evidence is merely colorable…or is not significantly probative…summary judgment may be granted. Id. at 249–250.

## DISCUSSION

Disputed material facts preclude a finding of summary judgment for Plaintiff. As the parties have outlined, the duties to defend and indemnify turn on whether Defendant Vaughn was an employee—either common law or statutory—or independent contractor of All Florida. Plaintiff argues summary judgment is appropriate should the Court determine Defendant Vaughn was an employee of All Florida, while Defendants argue Defendant Vaughn was an independent contractor.

### 1. Common Law Employee

Plaintiff first argues Defendant Vaughn was a common law employee based on Cantor v. Cochran, in which the Florida Supreme Court adopted the Restatement (Second) of Agency § 220, which lays out framework to distinguish employees from independent contractors. 184 So.2d 173, 174 (Fla. 1966). Plaintiff contends, among the ten enumerated factors, Defendant All Florida's extent of control, Defendant Vaughn's occupation and lack of required skills, and the perceived work relationship and

3

arrangements all weigh in favor of determining Defendant Vaughn was a common law employee rather than an independent contractor. (Doc. # 58). Defendants oppose this argument, and contend Plaintiff's omission of analyzing the factors as a whole and the application of those factors creates a genuine dispute which precludes summary judgment. (Doc. # 77).

In Cantor, the Florida Supreme Court recognized previous Florida court adoptions of the Restatement of Agency for the distinction between employees and independent contractors. 184 So.2d at 174. Those factors include: "a) the extent of control which, by the agreement, the master may exercise over the details of the work; b) whether or not the one employed is engaged in a distinct occupation or business; c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; d) the skill required in the particular occupation; e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; f) the length of time for which the person is employed; g) the method of payment, whether by time or by the job; h) whether or not the work is a part of the regular business of the employer; i) whether or not the parties believe they are creating the relation of master and servant; and j) whether the principal is or is not in business." Id. at 174–175. After carefully analyzing and applying these factors to the evidence presented as a whole, genuine disputes exist which preclude summary judgment. For instance, while Plaintiff argues Defendant Vaughn was contractually constricted to "complete the services strictly in accordance with any applicable plans and specifications," Defendants present evidence that Defendant All Florida did not supervise the work, Defendant Vaughn "used his own

4

skill and experience from years of pressure washing and painting to apply the coating," for which Defendant All Florida provided the weatherproof coating and occasionally lent equipment when his was broken, and the timeframe for completion was a flexible date range. (Doc. # 77 at 10–11). Further, Defendant Vaughn was hired and paid on a job-by-job basis—with no guarantee for future jobs and the freedom to perform services for other people and companies—and received a 1099 reflecting payment for services without tax withholdings. (Doc. # 77 at 11). These factors and others argued present a sufficient genuine dispute to preclude summary judgment on whether Defendant Vaughn was a common law employee of Defendant All Florida.

### 2. Statutory Employee

Plaintiff next argues Defendant Vaughn was—at the very least—a statutory employee of Defendant All Florida, based on the agreement between MTV Painting and Defendant All Florida which established a vertical relationship, the implied relationship between MTV Painting and Defendant All Florida, the contracted nature of the work, and Defendant Vaughn's lack of workers' compensation coverage. (Doc. # 58 at 13–17). Defendants, in opposition, first argue Defendant Vaughn does not fall within the "construction industry" definition because Defendant Vaughn was not engaged in the "building, clearing, filling, excavation, or substantial improvement in the size or use of any structure...," and this would, in turn, take Defendant Vaughn out of the "construction industry" definition and leave for potential application the statutory employee definition found at Florida Statute Section 440.02(15)(a). (Doc. # 77 at 14–15). Defendants then argue a plain reading of Florida Statute Section 440.02(15)(a) inures to their benefit and against a finding that Defendant Vaughn was a statutory employee. (Doc. # 77 at 16).

Defendants argue Defendant Vaughn's maintaining "a separate business with his own equipment, [] his own FIN number, receiv[ing] compensation on a job by job [sic] basis...paid to his corporation MTV Painting, and [his ability] to perform work for any entity at his own election without completing an employment application or process" precludes a summary judgment finding that Defendant Vaughn was a statutory employee.

The Court finds sufficient genuinely disputed facts exist to preclude application of the statutory employee definition found in the Florida Statutes. Whether Defendant Vaughn was engaged in the construction industry, and whether his separate business, separate equipment, payment on a job-by-job basis, and ability to freely perform work at will for Defendant All Florida and other businesses is a question of fact left for determination by the trier of fact. Therefore, at this stage and after analyzing the evidence submitted, the Court cannot grant summary judgment on the issue as to whether Defendant Vaughn was a statutory employee. The trier of fact must weigh these considerations and determine the applicability of these statutory provisions.

### 3. Independent Contractor Endorsement

Plaintiff alternatively argues if Defendants Vaughn or Mendenhall are considered independent contractors, the independent contractor exclusion limits coverage under the policy to $100,000.00. (Doc. # 58 at 19–21). To defeat this argument, Defendants contend the exclusion is ambiguous with respect to the term "construction project" because that term is not defined in the agreement and analysis of common meaning precludes application of the exclusion. This Court has analyzed, supra, the Florida Statutes defining construction industry, and determined the application of that definition is suited for the trier of fact. "Florida courts construe ambiguous terms in insurance contracts 'liberally in

favor of the insured and strictly against the drafter who prepared the policy.'" <u>Carolina Cas. Ins. Co. v. Red Coats Inc.</u>, 2015 WL 4880523, *1 (11th Cir. August 17, 2015) (quoting <u>Auto-Owners Ins. Co. v. Anderson</u>, 756 So.2d 29, 34 (Fla. 2000)). It logically follows that since a trier of fact must determine the application of Florida's clearly defined "construction industry" definition in this case, that trier of fact must also determine the applicability of the undefined (i.e., ambiguous) term "construction project" in Plaintiff's insurance policy—which, with Plaintiff the drafter of the policy, this Court must "liberally construe" the term in favor of Defendants. Summary judgment is therefore inappropriate.

Accordingly, it is **ORDERED** that Plaintiff's Dispositive Motion for Summary Judgment, (Doc. # 58) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of October, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record