UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                            Case No: 8:14-cv-1187-T-17JSS

ENOCH VAUGHN, ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD and ROBERT MENDENHALL,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendant All Florida's Motion to Compel Production from Houston Specialty Regarding Attorney's Fees ("Motion"). (Dkt. 232.) Plaintiff filed a response in opposition. (Dkt. 233.) For reasons that follow, Defendant's Motion is denied.

## BACKGROUND

On July 24, 2017, the Court entered an Order granting All Florida Weatherproofing & Construction, Inc. ("All Florida") reasonable attorney's fees pursuant to Florida Statutes Section 627.428. (Dkt. 229 at 5.) The Court deferred ruling on the reasonable amount of attorney's fees, including the insured's entitlement to any multiplier, pending discovery and a final evidentiary hearing. (Dkt. 229 at 9.) Further, the Court held that "the parties may conduct any necessary discovery regarding the reasonable amount of attorney's fees and the Insured's entitlement to any multiplier for a period of 60 days following entry of this order." (Dkt. 229 at 9.) On August 2, 2017, All Florida served Houston Specialty Insurance Company ("HSIC") with Requests for Production related to HSIC's attorney's fees. (Dkt. 232-1.) The requests sought copies of HSIC's

billing records from November 14, 2012 through the present regarding this action as well as the underlying tort action. (Dkt. 232-1.) HSIC objected to the requests on various grounds, including that the requests are overly broad, unduly burdensome, and irrelevant as the present action commenced on May 19, 2014, and final judgment was entered in February 3, 2017 against HSIC. (Dkt. 232-2.) The parties were unable to reach an agreement, and All Florida filed its Motion.

**APPLICABLE STANDARDS**

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The United States Supreme Court held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978).

When a court's jurisdiction is based on diversity of citizenship as is the case here (Dkt. 1), substantive matters are governed by state law. *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 112 (1945) ("The source of substantive rights enforced by a federal court under diversity jurisdiction, it cannot be said too often, is the law of the States."); *Admiral Ins. Co. v. Feit Mgmt. Co.*, 321 F.3d 1326, 1328 (11th Cir. 2003) ("Sitting in diversity, we apply the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result."); *Bradford v. Bruno's, Inc.*, 94 F.3d 621, 622 (11th Cir. 1996) ("Only state law of a substantive, as opposed to procedural, nature is applicable in diversity cases."). Further, where a claim for attorney's fees is based in

state law and asserted in a diversity case, federal courts must apply the substantive law of the forum state. *Trans Coastal Roofing Co., Inc. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). In a request for attorney's fees, the fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

**ANALYSIS**

In its Motion, All Florida contends that although it prevailed in this declaratory judgment action, it is entitled to the non-prevailing party's, HSIC, billing documents regarding this matter, pre-suit investigation, and the separate underlying tort claim. (Dkt. 232.) All Florida also makes the request notwithstanding the pendency of the appeals in both this matter as well as a related matter between the parties, Case No. 8:15-CV-2165-EAK-AAS. All Florida relies on the Florida Supreme Court case *Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047, 1052 (Fla. 2016) for the proposition that billing records of opposing counsel representing an insurer are relevant to the reasonableness of time expended in a claim for attorney's fees under Florida Statute Section 627.428.

In response, HSIC argues that the requested documents are irrelevant. HSIC contends that the exception in *Paton* for requiring opposing counsel to produce billing records does not apply in this case. (Dkt. 233 at 5.) HSIC is not contesting the reasonable hours claimed by All Florida, but instead argues that certain tasks performed by All Florida's counsel were duplicative. (Dkt. 233 at 6.) Specifically, HSIC states that it "does not contest the reasonableness of All Florida's bills, except for a number of .1 hour entries by Ms. Ferron and Mr. Martinez for review of routine incoming documents which HSIC argues is unnecessarily duplicative." (Dkt. 233 at 3.) HSIC contends that its objection can be resolved by an examination of All Florida's records and possible

testimony by All Florida's counsel, but HSIC's records are irrelevant in determining whether the billing was duplicative. (Dkt. 233 at 5–6.) HSIC asserts that All Florida is not entitled to a multiplier and contests the reasonable hourly rate sought by All Florida's counsel. (Dkt. 233 at 3.) However, HSIC argues that the production sought is irrelevant to these assertions because HSIC has provided All Florida with the hours expended by its counsel in this matter. (Dkt. 233 at 6.)

The Court finds that All Florida is not entitled to the requested documents. The discovery All Florida seeks is neither relevant nor proportional to the needs of the case. As addressed by HSIC, the court in *Paton* explained that discovery relating to an opposing counsel's records were sought because the opposing party "highly contested" the amount of fees at issue. *Paton*, 190 So. 3d at 1048. Here, in contrast, HSIC only argues that a number of .1 entries are duplicative. (Dkt. 233 at 3.) Further, in *Paton*, the Florida Supreme Court determined whether a party was entitled to a multiplier by examining the number of hours expended by opposing counsel. *Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047, 1052 (Fla. 2016) ("The hours expended by the attorneys for the insurance company will demonstrate the complexity of the case along with the time expended, and may belie a claim that the number of hours spent by the plaintiff was unreasonable, or that the plaintiff is not entitled to a full lodestar computation, including a multiplying factor."). The number of hours HSIC expended is readily available to All Florida. HSIC has produced the number of hours expended by its counsel in this matter. (Dkt. 233 at 6.) Further, HSIC has produced a chart indicating the rate at which its timekeepers billed and the total amount of fees billed by the named timekeepers. (Dkt. 232 at 7.)

With regard to All Florida's requests for pre-suit billing records and billing records in connection to the underlying tort action, the requested documents are irrelevant and not proportional to the needs of the case. All Florida did not request fees for the underlying tort suit,

nor did the Court award All Florida fees for the underlying tort suit. (Dkts. 204, 229.) A court only has the discretion to award attorney's fees and costs for the work expended before that court. *See Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1357 (11th Cir. 2009). All Florida is therefore limited to the fees it requested and which are awarded by the Court. *See Sure Fill & Seal, Inc. v. GFF, Inc.*, 8:08-CV-882-T-17TGW, 2012 WL 5227676, at *8 (M.D. Fla. Apr. 2, 2012), *report and recommendation adopted*, 8:08-CV-882-T-17-TGW, 2012 WL 5199670 (M.D. Fla. Oct. 22, 2012).

Accordingly, it is **ORDERED** that Defendant All Florida's Motion to Compel Production from Houston Specialty Regarding Attorney's Fees (Dkt. 232) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on November 22, 2017.

                                                                                         _____
                                                                                         JULIE S. SNEED
                                                                                         UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record