UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                                   Case No: 8:14-cv-1187-T-17JSS

ENOCH VAUGHN, individually, and as
Parent and Natural Guardian of M.V., a
minor, ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD, and ROBERT
MENDENHALL,

    Defendants.
_____

## ORDER

This cause comes before the Court for further proceedings pursuant to the Court's *Order Granting Insureds' Motions for Determination of Entitlement to Reasonable Attorney's Fees under Section 627.428 of the Florida Statutes* (Doc. No. 229) (the "**Order**"). Through the Order, the Court (1) determined that the Defendants, All Florida Weatherproofing & Construction, Inc. ("**All Florida**"), Richard Fulford ("**Fulford**"), and Robert Mendenhall ("**Mendenhall**") (collectively, the "**Defendants**"), were entitled to an award of reasonable attorney's fees under Section 627.428 of the Florida Statutes, and (2) deferred ruling on the amount of fees to be awarded, as well as All Florida's entitlement to any contingency fee multiplier, pending discovery and a final evidentiary hearing. The parties subsequently engaged in and completed discovery, and on December 19, 2017 the Court conducted an evidentiary hearing. After consideration, and for the reasons set

forth below, the Defendants' motions for attorney's fees (Doc. Nos. 204, 207, & 218) are **GRANTED IN PART AND DENIED IN PART**.

I.  **Background**

As explained in the Order, the Defendants are the prevailing parties in this case by virtue of the declaratory judgment (Doc. No. 201) (the "**Declaratory Judgment**") entered in favor of the Defendants and Enoch Vaughn ("**Vaughn**"), and against the Plaintiff, Houston Specialty Insurance Company ("**HSIC**" or "**Plaintiff**"), on February 3, 2017. (Doc. No. 229, at 2-3). Through the Declaratory Judgment, the Court determined that the Plaintiff was not excused of any obligation to defend or indemnify the Defendants in a related state court action commenced against them by Vaughn. (Doc. No. 229, at 3). Because Section 627.428 of the Florida Statutes entitles insureds to a "reasonable sum" of attorney's fees "[u]pon the rendition of a judgment . . . against an insurer and in favor of any . . . insured . . . under a policy or contract executed by the insurer," the Court determined that the Defendants were entitled to a reasonable award of attorney's fees in this case. (Doc. No. 229, at 6-10). The Court then conducted an evidentiary hearing on December 19, 2017, at which both parties presented expert testimony regarding the prevailing market rates, the reasonableness of the hours worked, and the Defendants' entitlement to a multiplier. As a result, the motions for attorney's fees are now ripe for determination.

II.  **Legal Framework**

Determining the reasonable amount of Court-awarded attorney's fees entails a three step process: <u>first</u>, the Court must calculate the reasonable hourly rate for the professionals involved in the case, <u>second</u>, the Court must determine the number of hours reasonably expended, and <u>third</u>, after calculating the lodestar, i.e. the number of hours

2

reasonably expended multiplied by the reasonable hourly rate, the Court must make any necessary adjustments to the lodestar, including (if applicable) application of a contingency fee multiplier. *See, e.g.*, *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1298-1303 (11th Cir. 1988) (providing a comprehensive overview of the legal framework applicable to requests for prevailing party attorney's fees in federal cases).

With respect to the first step of the lodestar, the "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 995-96 n. 11 (1984)). In calculating the reasonable hourly rate, the Florida Supreme Court instructs trial courts applying Florida law to consider all eight of the so-called *Rowe* factors: "(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly," "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer," "(3) The fee customarily charged in the locality for similar legal services," "(4) The amount involved and the results obtained," "(5) The time limitations imposed by the client or by the circumstances," "(6) The nature and length of the professional relationship with the client," "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services," and "(8) Whether the fee is fixed or contingent," *less*[1] "the time and labor required, the novelty and difficult of the

---

[1] According to the Florida Supreme Court, certain of the *Rowe* factors "are excluded from the calculation of the hourly rate because those factors are already taken into account in calculating the reasonable number of hours" at step two of the lodestar. *Joyce v. Federated Nat. Ins. Co.*, 228 So.3d 1122, 1126 n.1 (Fla. 2017).

3

question involved, the results obtained, and whether the fee is fixed or contingent." *Joyce v. Federated Nat. Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017).

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1301. In so doing, the Court must eliminate any hours that are "excessive, redundant or otherwise unnecessary." *Id.* Excessive hours refer to "hours spent on activities for which the lawyer would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* Redundant hours refer to hours incurred where "more than one attorney represents a client." *Id.* at 1301-02. While "[t]here is nothing inherently unreasonable about a client having multiple attorneys," to be entitled to full compensation the attorneys must not be "unreasonably doing the same work" and must be "compensated for the distinct contribution of each lawyer." *Id.* at 1302. Finally, unnecessary hours refer to "time spent on discrete and unsuccessful claims." *Id.*

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended," *Norman*, 836 F.2d at 1302, "[t]he trial court may then adjust the lodestar amount based upon a contingency risk factor and the results obtained." *Joyce*, 228 So.3d at 1126 (internal quotations omitted). In tort and contract cases, the Court should consider the following factors in determining whether a multiplier is necessary: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Id.* at 1128. If the Court determines a multiplier is warranted and that success was more likely than not at the outset of the case, it may apply a multiplier

4

of 1 to 1.5; if the likelihood of success was approximately even, the Court may apply a multiplier of 1.5 to 2.0; and if success was unlikely at the outset of the case, it may apply a multiplier of between 2.0 to 2.5. *Id.* at 1125.

III. **Discussion**

In this case, the Defendants seek an award of reasonable attorney's fees for the work performed by their professionals: Daniel A. Martinez, Weslee L. Ferron, Ben Thomas, Carrie Ashton, and Lori Lamoureux, who represented All Florida; Scott K. Hewitt, who represented Fulford and Mendenhall; and Raymond Seaford, who served as the Defendants' expert fee witness in this case. For ease of reference the Court will perform the lodestar calculation separately for each of the foregoing categories of professionals.

A. **All Florida**

The bulk of the work performed on behalf of All Florida was done by attorneys Martinez and Ferron. Martinez, who has 23 years of experience and is a board certified trial lawyer, seeks an hourly rate of $550/hr. *See* (Doc. No. 235-3, at 1-2). Ferron, who has 16 years of experience and specializes in written advocacy, case management, and strategy, requests a rate of $450/hr. *See* (Doc. No. 235-4, 1-2). In support of their fee applications, Martinez and Ferron attach numerous orders awarding fees in comparable cases, which range from $650.00/hr for attorneys with between 24 and 36 years of experience, on the high end, to $250/hr for an attorney with 3 years of experience, on the low end. *See* (Doc. No. 235-56, at 1-7). The Court is personally familiar with the skills, experience, and reputation of comparator attorneys Wardell, Medina, Hadaway, and Elligett, who have been awarded rates ranging from $475/hr to $550/hr, and finds that

5

Martinez and, to a lesser extent, Ferron are entitled to the prevailing rates awarded to those attorneys.

The Court has also considered the eight *Rowe* factors, less those that are duplicative of step two of the lodestar, and concludes that $550/hr and $450/hr are reasonable hourly rates for Martinez and Ferron. In particular, the Court notes that given the scale and complexity of this litigation, accepting this representation placed significant time limitations on attorneys Martinez and Ferron. Those limitations undoubtedly monopolized much of their time, and prevent Martinez and Ferron from accepting other engagements. Stated simply, this case represented a major undertaking and investment on the part of attorneys Martinez and Ferron and, having prevailed, they are entitled to the rates requested in the motions. Moreover, given that the fees charged by Thomas, Ashton, and Lamoureux are de minimis and supported by the range of comparator fees submitted by the Defendants, the Court finds that $200/hr for Thomas and $125/hr for Ashton and Lamoureux are supported by the market rates and application of the *Rowe* factors. *See* (Doc. No. 235-56, at 1-7).

As for step two of the lodestar, the Court notes that the Plaintiff's fee expert, Patricia Fields Anderson, has recommended that certain hours be excluded from the lodestar for attorney Martinez as excessive, redundant or otherwise unnecessary. *See* (Doc. No. 243-1). At the December 19, 2017 evidentiary hearing, the Defendants agreed to deduct the hours at issue from the lodestar, resulting in a ten hour reduction to the lodestar for attorney Martinez. As a result of this agreement by the parties, there are no further objections at step two of the lodestar and, after consideration of the *Rowe* factors, most notably the time and labor required, the novelty and difficult of the questions

involved, and the results obtained, the Court finds that the revised number of hours sought by Martinez, Ferron, Thomas, Ashton, and Lamoureux are reasonable.

Finally, as to All Florida's request that the lodestar be adjusted to reflect a contingency fee multiplier, the Court has considered the testimony by the Defendants' fee expert, Raymond Seaford, as well as the testimony of attorney Martinez, and finds that a contingency fee multiplier is necessary to obtain competent counsel in a case of this nature. This was a complex case, both legally and factually, and given the magnitude of the litigation, All Florida's inability to afford counsel under a traditional fee agreement, and the fact that numerous other firms refused to take the representation under a standard contingency arrangement, the Court is satisfied that the possibility of recovering a contingency fee multiplier was necessary for All Florida to obtain competent counsel. As for the second factor, the Court believes that while Section 627.428 provided the Defendants' attorneys with some assurance of payment, there nevertheless remained a significant risk of nonpayment if the Defendants did not prevail in this case. With respect to the final factor, as mentioned above, the complexity and magnitude of this litigation, coupled with the excellent results obtained by the Defendants and the contingent nature of the representation, all militate towards the finding that a contingency multiplier is appropriate.

Since a contingency multiplier is warranted, the final stage of the analysis requires the Court to determine the Defendants' likelihood of success at the outset of the case. Perhaps the most compelling evidence of the likelihood of success at the start of the case is the Defendants' testimony that several law firms turned down the representation before the case was ultimately accepted by attorneys Martinez and Ferron. Given that Section

627.428 provided any attorney willing to accept the case with some guarantee of payment, if successful, the fact that the Defendants had difficulty obtaining counsel demonstrates that the likelihood of the Defendants prevailing in this litigation was less than likely. This is underscored by the testimony of the Plaintiff's expert in a related case that HSIC had a ninety percent chance of prevailing on its arguments that Vaughn was an employee of All Florida at the time of the accident. *See* (Doc. No. 235-13, at 53:9-12). On the other hand, given the severity of Vaughn's injuries, the Defendants undoubtedly had a more sympathetic case to present to the jury than HSIC. Thus, the Court believes a contingency multiplier on the low end of the 2.0 to 2.5 scale is appropriate and, in light of the foregoing, will award All Florida a multiplier of 2.0.

To summarize, after consideration of the factors set forth in *Rowe* and application of the factors relevant to the suitability of a contingency fee multiplier from *Quanstrom* and *Joyce*, the Court calculates the lodestar, including adjustments necessary for a contingency fee multiplier, as follows:

| All Florida | | | |
|---|---|---|---|
| **Attorney/Paralegal** | **Reasonable Rate** | **Number of Hours** | **Total Fee Awarded** |
| Daniel A. Martinez | $550/hr | 327.1 | $179,905.00 |
| Weslee L. Ferron | $450/hr | 852.8 | $383,760.00 |
| Ben Thomas | $200/hr | 4.4 | $880.00 |
| Carrie Ashton | $125/hr | 6.4 | $800.00 |
| Lori Lamoureux | $125/hr | 2.1 | $262.50 |
| *Combined Lodestar* | | | $565,607.50 |
| *Multiplier* | | | 2.0 |

| Total Fees Awarded | $1,131,215.00 |

### B. Mendenhall/Fulford

Attorney Scott K. Hewitt represented Mendenhall and Fulford in this litigation and, prior to the commencement of this case, served as a "caretaker" counsel for All Florida. *See* (Doc. No. 235-5, at 1-2). Mr. Hewitt represented Mendenhall and Fulford on a partial contingency basis, under which he charged his clients a reduced rate of $200/hr with the option to seek a full fee of $450/hr from the Court if successful. (Doc. No. 235-5, at 2). Mr. Hewitt has been practicing law for 18 years and specializes in employment litigation and personal injury defense. (Doc. No. 245-5, at 1). Like Martinez and Ferron, Hewitt supports his fee application with orders awarding fees in comparable cases, which range from $650.00/hr for attorneys with between 24 and 36 years of experience, on the high end, to $250/hr for an attorney with 3 years of experience, on the low end. *See* (Doc. No. 235-56, at 1-7).

While the Court believes that Mr. Hewitt's skills, reputation, and experience are similar to those of the comparators identified at or around $450/hr, the unique nature of Mr. Hewitt's engagement warrants a reduced fee award in this case. More precisely, because Mr. Hewitt served as a "caretaker" or "backup" counsel to Martinez and Ferron, it was only reasonable for Mr. Hewitt to bill his clients at less than his normal rate. Indeed, given Mr. Hewitt's limited representation of Mendenhall and Fulford, the time limitations imposed by the client and by the circumstances of this case do not warrant the higher fee commanded by Martinez and Ferron. As a result, after consideration of the prevailing market rates and the *Rowe* factors that are not duplicative of step two of the lodestar, the Court concludes that $300/hr is a reasonable hourly rate for Hewitt in this case.

At step two of the lodestar computation, the Plaintiff objects to 46.2 hours of billings by Mr. Hewitt that it claims should be deducted for being vague, constituting block billing, or involving work related to the appeal of this matter before the 11th Circuit Court of Appeals. At the December 19, 2017 evidentiary hearing, Mr. Hewitt agreed to reduce the number of hours he sought from 234.8 to 228, or by 6.8 hours. The Court has reviewed the entries identified by the Plaintiff's expert as being objectionable, and concludes that a deduction of 9.2 hours is appropriate, which, less the 6.8 hours already deducted by Mr. Hewitt, results in a further 2.4 hour deduction from the hours requested. Finally, since no multiplier is sought by Mr. Hewitt, and Mr. Hewitt does not seek any further enhancement of his fee based on the results obtained, it is not necessary to consider any further adjustments to the lodestar.

To summarize, after consideration of the factors set forth in *Rowe*, the Court calculates the lodestar for Mr. Hewitt as follows:

| Fulford/Mendenhall | | | |
|---|---|---|---|
| **Attorney/Paralegal** | **Reasonable Rate** | **Number of Hours** | **Total Fee Awarded** |
| Scott K. Hewitt | $300/hr | 225.6 | $67,680.00 |
| *Combined Lodestar* | | | $67,680.00 |
| *Multiplier* | | | N/A |
| *Total Fees Awarded* | | | $67,680.00 |

C.  **Expert Witness Fees**

The final category of fees sought by the Defendants are the expert witness fees incurred by their fee expert, attorney Raymond Seaford. Under Florida law, "attorney's

fees may properly be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees." *State Farm Fire & Cas. Co. v. Palma*, 629 So.2d 830, 833 (Fla. 1993). However, attorney's fees may not be awarded "for litigating the *amount* of attorney's fees." *Id.* (emphasis in original). Here, Mr. Seaford seeks an award of fees pursuant to Section 627.428 for the work he performed in this case. As explained in *Palma*, however, Mr. Seaford may only be awarded fees incurred in litigating the Defendants' entitlement to attorney's fees, as opposed to the amount of such fees. Here, it appears that Mr. Seaford spent 2.9 hours on August 1, 2017 and 1.2 hours on August 4, 2017, for a total of 4.1 hours, researching issues related to the Defendants' entitlement to a contingency fee multiplier. *See* (Doc. No. 235-12, at 1). However, it appears that much of Mr. Seaford's remaining 19.8 hours were incurred litigating the reasonable amount of the Defendants' attorney's fees. *See* (Doc. No. 235-12, at 1-2). As a result, based on the current record, the Court is only comfortable awarding Mr. Seaford 4.1 hours of attorney time under Section 627.428, which at Mr. Seaford's hourly rate of $450/hr[2] results in a total lodestar of $1,845.00.

Notwithstanding the foregoing, "pursuant to [S]ection 92.231 [of the Florida Statutes], expert witness fees, at the discretion of the trial court, *may* be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees." *Travieso v. Travieso*, 474 So.2d 1184, 1186 (Fla. 1985) (emphasis added). Under the current version of Section 92.231, experts who have "testified in any cause *shall* be allowed a witness

---

[2] The Plaintiff does not argue that Mr. Seaford's hourly rate is unreasonable, and in light of Mr. Seaford's experience and after consideration of the factors set forth in *Rowe*, the Court finds that $450/hr is a reasonable hourly rate for the work performed by Mr. Seaford in this case.

fee including the cost of any exhibits used by such witness *in an amount to be agreed to by the parties*, and the same *shall be taxed as costs*." Fla. Stat., § 95.231(2) (2017) (emphasis added). Here, as to the remainder of Mr. Seaford's time, the proper method for awarding fees is Section 95.231, which as noted above, requires expert witness fees to be taxed as costs to the opposing party in an amount to be agreed to by the parties. Thus, once the Court enters judgment on the Defendants' motions for attorney's fees, the Defendants are free to submit a proposed bill of costs for Mr. Seaford's services at the appropriate time. To the extent the Defendants and Plaintiff are unable to agree to the amount of Mr. Seaford's fees, the Plaintiff may object to any costs taxed by the Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1).

## IV. Conclusion

Accordingly, it is

**ORDERED** that the Defendants' motions for attorney's fees (Doc. Nos. 204, 207, and 218) are **GRANTED IN PART AND DENIED IN PART** as follows:

(1) All Florida is awarded reasonable attorney's fees of $1,131,215.00 under Section 627.428 of the Florida Statutes;

(2) Mendenhall and Fulford are awarded reasonable attorney's fees of $67,680.00 under Section 627.428 of the Florida Statues; and

(3) The Defendants are awarded $1,845.00 in reasonable attorney's fees as compensation for Mr. Seaford's services under Section 627.428 of the Florida Statutes.

It is further **ORDERED** that to the extent the Defendants seek further compensation for Mr. Seaford's services, such compensation shall be sought as taxable costs under Section 95.231 of the Florida Statues.

It is further **ORDERED** that the Defendants are directed to submit a proposed form of final judgment awarding fees in accordance with this order within 14 days.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 28th day of December, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record