UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOUSTON SPECIALTY INSURANCE
COMPANY,

      Plaintiff,

v.                                          Case No: 8:14-cv-1187-T-17JSS

ENOCH VAUGHN, ALL FLORIDA
WEATHERPROOFING &
CONSTRUCTION, INC., RICHARD
FULFORD and ROBERT MENDENHALL,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants All Florida Weatherproofing &
Construction, Inc. ("All Florida"), Richard Fulford ("Fulford"), and Robert Mendenhall's
("Mendenhall") Motion for Determination of Appellate Attorney's Fees (Dkt. 264) and Motion
for Attorney's Fees. (Dkt. 271.)  Plaintiff, Houston Specialty Insurance Company ("HSIC"),
opposes the motions.  (Dkt. 266; Dkt. 264-4; Dkt. 273-1.)  Upon consideration, it is recommended
that the motions be granted in part.

## BACKGROUND

In 2014, HSIC filed this declaratory judgment action (the "Declaratory Judgment Action")
against its insureds, All Florida, Fulford, and Mendenhall, to determine coverage in connection
with Enoch Vaughn's ("Vaughn") personal injury lawsuit against All Florida, Fulford, and
Mendenhall in *Enoch Vaughn et al. v. All Florida Weatherproofing & Construction, Inc.*, Case
No. 14-000198-CI, in the Sixth Judicial Circuit, in and for Pinellas County, Florida.  (Dkt. 28.)
The case proceeded to a jury trial and the presiding District Judge ultimately entered a declaratory

judgment (the "Declaratory Judgment") in favor of All Florida, Fulford, Mendenhall, and Vaughn. (Dkts. 199, 201.)

HSIC appealed the Declaratory Judgment to the Eleventh Circuit (the "Declaratory Judgment Appeal"). (Dkt. 214.) While the Declaratory Judgment Appeal was pending, the Court awarded attorney's fees in favor of All Florida, Fulford, Mendenhall, and Vaughn, under Fla. Stat. § 627.428. (Dkts. 246, 247.) HSIC separately appealed the award of attorney's fees (the "Attorney's Fees Appeal"), arguing that the award of attorney's fees was premature and that the Court abused its discretion in applying a contingency fee multiplier. (Dkt. 251.)

The Eleventh Circuit affirmed the Declaratory Judgment entered in favor of All Florida, Fulford, Mendenhall, and Vaughn. *Houston Specialty Ins. Co. v. Vaughn*, 726 F. App'x 750 (11th Cir. 2018). Based on their status as the prevailing parties in the Declaratory Judgment Appeal, All Florida, Fulford, and Mendenhall moved for appellate attorney's fees and also moved the Eleventh Circuit to transfer the issue to this Court. (Dkt. 264-3.) HSIC responded in opposition to the Motion for Appellate Attorney's Fees. (Dkt. 264-4.) On September 13, 2018, the Eleventh Circuit transferred the Motion for Appellate Attorney's Fees to this Court. (Dkt. 264-6.) All Florida, Fulford, and Mendenhall thereafter filed their Motion for Determination of Appellate Attorney's Fees in this Court. (Dkt. 264.) HSIC again responded in opposition to the Motion for Appellate Attorney's Fees.[1] (Dkt. 266.)

The Eleventh Circuit also affirmed this Court's award of attorney's fees in favor of All Florida, Fulford, and Mendenhall. *Houston Specialty Ins. Co. v. Vaughn*, 749 F. App'x 800 (11th

---

[1] Because HSIC has now twice responded to substantially the same motion (Dkt. 266; Dkt. 264-4), HSIC's request for additional discovery and rebuttal testimony is denied. *See also Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988) (recognizing that the court is an expert on the question of attorney's fees and "may form an independent judgment either with or without the aid of witnesses as to value").

Cir. 2018).   All Florida, Fulford, and Mendenhall then moved for appellate attorney's fees expended in litigating the entitlement to attorney's fees on appeal.  (Dkt. 271.)  On January 8, 2019, the Eleventh Circuit transferred this separate attorney's fees motion to this Court.  (Dkt. 270.)  The presiding District Court Judge thereafter referred both motions to the undersigned for the issuance of a report and recommendation.  (Dkt. 274.)

## APPLICABLE STANDARDS

In determining the amount of attorney's fees to be awarded, courts apply the following three-step process: (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta J. & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).   Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is "'the place where the case is filed.'"  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate, which can be met by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates.  *Norman*, 836 F.2d at 1299.   In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services.  *Id.* at 1303–04.   In calculating the

hours reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims.  *Id.* at 1301–02.

## ANALYSIS

All Florida, Fulford, and Mendenhall request an award of appellate attorney's fees incurred in responding to HSIC's unsuccessful appeal of the Declaratory Judgment.  (Dkt. 264; Dkt. 264-3.)  All Florida, Fulford, and Mendenhall also request an award of appellate attorney's fees incurred in responding to HSIC's separate appeal of this Court's order awarding attorney's fees incurred in obtaining the Declaratory Judgment.  (Dkt. 271.)

**I.      The Declaratory Judgment Appeal**

**A. Entitlement to Attorney's Fees**

In its Order Granting Insureds' Motions for Determination of Entitlement to Reasonable Attorney's Fees Under Section 627.428 of the Florida Statutes (Dkt. 229), the Court previously found that All Florida, Fulford, and Mendenhall were entitled to an award of attorney's fees under Fla. Stat. § 627.428 based on their status as the prevailing parties in the Declaratory Judgment Action.  Specifically, the Court first observed that Fla. Stat. § 627.428 provides for the award of attorney's fees upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any . . . insured under a policy or contract executed by the insurer.  (Dkt. 229 at 5.)  As the Court explained, "[t]he Declaratory Judgment in this case constitutes such a judgment in favor of an insured, the Insureds, and against an insurer, the Plaintiff."  (*Id.* at 5.)  As the Court concluded, "looking no further than the statute itself, the Declaratory Judgment in their favor entitles Insureds to reasonable attorney's fees."  (*Id.*)  As previously noted, the Eleventh Circuit affirmed the award of attorney's fees in favor of All Florida, Fulford, and Mendenhall. *Houston Specialty*, 749 F. App'x at 802–03 ("Because the district court rendered 'a judgment . . .

- 4 -

against an insurer and in favor of any named or omnibus insured . . . under a policy or contract executed by the insurer,' the district court did not err in awarding attorney's fees to the defendants[.]" (quoting § 627.428(1)).

It is recommended that All Florida, Fulford, and Mendenhall are similarly entitled to an award of appellate attorney's fees after having defended HSIC's unsuccessful appeal of the Declaratory Judgment to the Eleventh Circuit.  Florida substantive law applies in this diversity case.  *See, e.g., All Underwriters v. Weisberg*, 222 F.3d 1309, 1311 (11th Cir. 2000).  The operative provision of Florida law, Fla. Stat. § 627.428, states, in pertinent part:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . under a policy or contract executed by the insurer, the trial court *or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court* shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

(Emphasis added.)  Thus, the applicable provision of Florida law expressly contemplates the award of attorney's fees in favor of an insured who prevails on appeal against the insured's insurance company.  Moreover, the Eleventh Circuit has acknowledged that under § 627.428, an insured is entitled to recover appellate attorney's fees incurred where the insured prevails on appeal. *Steelmet, Inc. v. Caribe Towing Corp.*, 842 F.2d 1237, 1245 (11th Cir. 1988).

Here, a review of the Eleventh Circuit's decision in *Vaughn* confirms that All Florida, Fulford, and Mendenhall prevailed on appeal.  726 F. App'x at 753.  Specifically, HSIC challenged this Court's decision declining to rule as a matter of law that Mendenhall was an independent contractor of All Florida.  *Id.* at 751.  If, as HSIC argued, Mendenhall was an independent contractor of All Florida, then HSIC would have had no duty to defend or indemnify Mendenhall

against Vaughn's state law tort claims. *Id.* The Eleventh Circuit rejected HSIC's argument, concluding that although there was some evidence at trial suggesting that Mendenhall was an independent contractor, the evidence did not compel that conclusion as a matter of law. *Id.* at 752. HSIC also challenged some of the jury instructions given at trial. *Id.* at 753. The Eleventh Circuit also rejected this argument, concluding that any errors in the jury instructions were not preserved or were invited and that, in any event, the instructions accurately stated Florida law. *Id.*

In sum, All Florida, Fulford, and Mendenhall prevailed as to all of the issues HSIC raised in the Declaratory Judgment Appeal. The undersigned finds that under the language of Fla. Stat. § 627.428(1), All Florida, Fulford, and Mendenhall are entitled to an award of attorney's fees reasonably incurred in the appeal.

### B. Amount of Attorney's Fees

Having determined that All Florida, Fulford, and Mendenhall are entitled to an award of attorney's fees incurred in responding to the Declaratory Judgment Appeal, the undersigned next addresses the appropriate amount of that fee award.

"Just as a federal court must apply state law to determine whether a party is entitled to fees, it must also apply state law to resolve disputes about the reasonableness of the fees." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010). "The Florida Supreme Court, however, has turned the law full circle by adopting the federal lodestar method, rather than a state rule, to determine what constitutes 'reasonable' attorney's fees." *Id.* As the Florida Supreme Court has stated with respect to what makes fees reasonable, "the federal lodestar approach, . . . provides a suitable foundation for an objective structure." *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). However, "the Florida Supreme Court has carved out some differences to the federal approach." *Kearney*, 713 F. Supp. 2d at 1374. Specifically, while federal

courts look to the prevailing market rates in the relevant community, Florida courts may consider subjective factors, as set out by the Florida Rules of Professional Conduct, as well as factors provided in the Florida Statutes.  *Id.*  "Thus, while the Court can largely rely on federal law to award attorney's fees, it must follow Florida law to the extent that state law differs."  *Id.*

Under the lodestar method, the first step in calculating attorney's fees is determining a reasonable hourly rate.  Under Florida law, factors to be considered as guides in determining a reasonable fee include:

> (A)  the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (B)  the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (C)  the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
>
> (D)  the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
>
> (E)  the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
>
> (F)  the nature and length of the professional relationship with the client;
>
> (G)  the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
>
> (H)  whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

Rule 4-1.5(b) of the Rules Regulating the Florida Bar. These factors are commonly referred to as the *Rowe* factors. *See Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). In addition, these factors are similar to the twelve factors commonly employed in the Eleventh Circuit to evaluate the reasonableness of attorney's fees, as provided in *Johnson v. Georgia Hwy. Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974),[2] *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989).

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). In so doing, the Court must eliminate any hours that are "excessive, redundant or otherwise unnecessary." *Id.* Excessive hours refer to "hours spent on activities for which the lawyer would not bill a client of means who was seriously intent on vindicating similar rights." *Id.* Redundant hours refer to hours incurred where "more than one attorney represents a client." *Id.* at 1301-02. While "[t]here is nothing inherently unreasonable about a client having multiple attorneys," to be entitled to full compensation the attorneys must not be "unreasonably doing the same work" and must be "compensated for the distinct contribution of each lawyer." *Id.* at 1302. Finally, unnecessary hours refer to "time spent on discrete and unsuccessful claims." *Id.*

"After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended," *Norman*, 836 F.2d at 1302, "[t]he trial court may then adjust the lodestar amount based upon a contingency risk factor and the results obtained." *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017) (internal quotations omitted). In tort and contract cases, the Court should consider the following factors in determining whether a multiplier is

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

necessary: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Id.* at 1128.  If the Court determines a multiplier is warranted and that success was more likely than not at the outset of the case, it may apply a multiplier of 1 to 1.5; if the likelihood of success was approximately even, the Court may apply a multiplier of 1.5 to 2.0; and if success was unlikely at the outset of the case, it may apply a multiplier of between 2.0 to 2.5.  *Id.* at 1125.

### 1. All Florida

All Florida seeks an award of reasonable attorney's fees for the work performed by Daniel A. Martinez, Esq., and Weslee L. Ferron, Esq.  Attorney Martinez, who has 23 years of experience and is a board-certified trial lawyer, seeks an hourly rate of $550.  Ferron, who has 16 years of legal experience and specializes in written advocacy, case management, and strategy, requests a rate of $450.

In support of their fee request, Martinez and Ferron rely in part on the affidavit of their fee expert, Raymond Neil Seaford, Esq. (Dkt. 264-5.)  Attorney Seaford was also All Florida, Fulford, and Mendenhall's fee expert in seeking attorney's fees for the Declaratory Judgment Action.  (Dkt. 246.)  Attorney Seaford was admitted to practice in Florida in 1992.  (Dkt. 264-5 at 43.)  Attorney Seaford is an experienced civil trial lawyer who has also served as counsel of record in 21 appeals before Florida's district courts of appeal.  (Dkt. 264-5 at 43–44.)  Attorney Seaford attests that the same hourly rate awarded to Attorneys Martinez, Ferron, and Hewitt in the Declaratory Judgment Action should also be awarded for their work on appeal.  (Dkt. 264-5 at 33–34.)

The Court previously found that $550 per hour and $450 per hour were the reasonable hourly rates for Attorneys Martinez and Ferron for the work performed in trying the Declaratory Judgment Action.  (Dkt. 246 at 6.)  In doing so, the Court noted that the scale and complexity of the litigation placed significant time limitations on Attorneys Martinez and Ferron, preventing them from accepting other engagements.  (*Id.*)  Upon consideration of the *Rowe* factors, less those that are duplicative of step two of the lodestar, it is recommended that a reasonable hourly rate for the work of Attorney Martinez on appeal is $550.  It is further recommended that the rate requested as to Attorney Ferron, $450 per hour, is reasonable based on her experience as appellate counsel.

All Florida requests fees for 95.7 hours of work performed by Attorney Martinez and 131 hours of work performed by Attorney Ferron.  (Dkt. 264 at 9.)  Plaintiff objects to 47.8 hours of time requested by Attorney Ferron on the basis that her time entries from June 8, 2017, to June 12, 2017, are vague.  (Dkt. 264-4 at 12.)  Many of Attorney Ferron's time entries during this period state "continue to work on answer brief" or "additional work on answer brief."  (Dkt. 264-3 at 45–47.)  After a page-by-page, line-by-line review of Attorney Ferron's time entries, the undersigned finds that Attorney Ferron's time entries are sufficiently precise and particularized.  Although a portion of the entries state "continue to work on answer brief," the majority of the time entries state with reasonable particularly what work Attorney Ferron was performing in researching and drafting the appellate brief.  In light of the foregoing, it is recommended that the Court overrule HSIC's objection to 47.8 hours claimed by Attorney Ferron and find the 95.7 hours of work performed by Attorney Martinez and 131 hours of work performed by Attorney Ferron to be reasonable.

All Florida further requests that the lodestar be adjusted to reflect a contingency fee multiplier.  (Dkt. 264 at 8.)  All Florida argues that its lawyers should receive the same contingency

fee multiplier of 2.0 that the Court awarded in the Declaratory Judgment Action.  HSIC objects to a contingency fee multiplier of 2.0.  HSIC first argues that All Florida has not presented any evidence that a contingency fee multiplier was necessary to obtain counsel to handle the appeal. (Dkt. 264-4 at 13.)  HSIC further argues that the appeal was not merely a continuation of the Declaratory Judgment Action and that the odds favored All Florida on appeal.  (Dkt. 264-4 at 12–13.)  For the reasons stated below, it is recommended that HSIC's objections be sustained.

As the Florida Supreme Court explained in *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990), a court should consider the following factors in determining whether a multiplier is necessary:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

The Court further explained that "[e]vidence of these factors must be presented to justify the utilization of a multiplier."  *Id.*  Once a court determines that a multiplier is necessary, it must then decide the amount of the multiplier based on the likelihood of success at the outset of the case:

> If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

*Id.*

In the Declaratory Judgment Action, this Court applied *Quanstrom* and determined that All Florida was entitled to a contingency fee multiplier of 2.0.  (Dkt. 246 at 7.)  In deciding that a multiplier was warranted, the Court recognized "All Florida's inability to afford counsel under a

traditional fee agreement[] and the fact that numerous other firms refused to take the representation under a standard contingency arrangement."  (Dkt. 246 at 7.)  The Court concluded that "the possibility of recovering a contingency fee multiplier was necessary for All Florida to obtain competent counsel." (*Id.*)  In determining that a multiplier of 2.0 was appropriate, the Court found that "the likelihood of the Defendants prevailing in this litigation was less than likely."  (*Id.* at 8.)

In seeking a contingency fee multiplier for work performed on appeal, All Florida relies on much of the same evidence that it presented to the Court in requesting a fee multiplier in the Declaratory Judgment Action.  Specifically, All Florida argues that because the Court awarded a contingency fee multiplier of 2.0 in the Declaratory Judgment Action, All Florida should also receive a contingency fee multiplier for work performed on appeal.  (Dkt. 264-3 at 12–13.)  All Florida characterizes its work on appeal as a continuation of the underlying action. (*Id.*)  Similarly, All Florida's fee expert opines that the appeal was merely a continuation of the underlying case and that the same contingency fee multiplier is appropriate.  (Dkt. 264-5 at 39.)

As All Florida argues, an appeal is in some respects a continuation of an underlying action. In this case, however, the costs and risks associated with the appeal were markedly different than those of the underlying declaratory judgment action.  All Florida was in the more favorable position of defending the Declaratory Judgment issued by this Court.  The evidence before the Court shows that several law firms had previously declined to take All Florida's case on a standard contingency arrangement at the trial level (Dkt. 246 at 7; Dkt. 265-5 ¶¶ 40–41).  This evidence does not show that competent appellate attorneys in this market would have declined to accept the appeal on a contingency basis.  Thus, the evidence All Florida relies on does not show that competent appellate lawyers were unwilling to represent All Florida on appeal under a standard contingency arrangement.

- 12 -

Applying the factors set forth in *Quanstrom*, the evidence before the Court does not show that the expectation of a contingency fee multiplier was necessary to attract competent appellate counsel to handle an appeal of this nature.  As the court noted in *Diperna v. GEICO General Insurance Co.*, Case No. 6:12-CV-687, 2016 WL 7246094, at *4 (M.D. Fla. June 27, 2016), "a number of competent [appellate] attorneys in this market would have accepted . . . representation [of a plaintiff who had prevailed at trial] without a continency multiplier."  2016 WL 7246094, at *7.  Further, because All Florida would receive its attorney's fees under Fla. Stat. § 627.428 if it prevailed on appeal, the risk of non-payment for the work performed on appeal was reduced.  *See, e.g.*, *Rynd v. Nat'l Mut. Fire Ins. Co.*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *19 (M.D. Fla. Jan. 25, 2012), *report and recommendation adopted*, No. 8:09-CV-1556-T-27TGW, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012) ("[T]he mandatory statutory fee award to prevailing plaintiffs in insurance litigation adequately mitigates [the risk of non-payment].").  Under *Quanstrom*, these two factors weigh against a finding that a contingency fee multiplier is warranted.

Lastly, in considering the *Rowe* factors, as directed in *Quanstrom*, it is noted that All Florida's counsel provided effective and successful representation on appeal.  The amount involved in this case, with policy limits of $1,000,000, was substantial.  The appeal involved issues that were fairly complex but not uncommon in insurance coverage litigation, including whether Mendenhall was an insured under the policy.  *Vaughn*, 726 F. App'x at 752-753 (explaining that "if Mendenhall was an independent contractor, he would not be an 'insured' under the insurance policy, and Houston Specialty would not have to defend or indemnify him against Vaughn's state law tort claims").  Ultimately, the Eleventh Circuit rejected HSIC's arguments without extensive discussion.  *Vaughn*, 726 F. App'x at 752-753.  Taking these circumstances into consideration, it

is recommended that the quality of work performed on appeal and the complexity of the case are adequately reflected in the rates awarded to counsel for All Florida.

In sum, upon consideration of the factors set forth in *Quanstrom* and *Rowe*, it is recommended that All Florida has not established that a contingency fee multiplier is warranted in this case for work performed in responding to HSIC's appeal. *See Quanstrom*, 555 So. 2d at 834 ("Evidence of these factors must be presented to justify the utilization of a multiplier."). In light of the foregoing, the lodestar sum as to All Florida is as follows:

| All Florida – Declaratory Judgment Appeal | | | |
|---|---|---|---|
| **Attorney** | **Reasonable Rate** | **Number of Hours** | **Total Fee Awarded** |
| Daniel A. Martinez | $550/hr | 95.7 | $52,635 |
| Weslee L. Ferron | $450/hr | 131 | $58,950 |
| *Combined Lodestar* | | | $111,585 |
| *Multiplier* | | | N/A |
| *Total Fees Awarded* | | | $111,585 |

**2. Fulford and Mendenhall**

Fulford and Mendenhall seek an award of attorney's fees for Scott K. Hewitt, Esq., and Samuel R. Mandlebaum, Esq., who represented Fulford and Mendenhall in the Declaratory Judgment Appeal. As to Attorney Hewitt, Fulford and Mendenhall seek an hourly rate of $300, which is the hourly rate the Court awarded in the Declaratory Judgment Action. As with the underlying case, Attorney Hewitt's role in the appeal was to serve as "caretaker" or "backup" counsel to Attorneys Martinez and Ferron. (Dkt. 264-5 at 34.) After consideration of the prevailing market rates and the *Rowe* factors that are not duplicative of step two of the lodestar,

- 14 -

the undersigned recommends that an hourly rate of $300 is reasonable for the work performed by Attorney Hewitt in connection with the appeal.

Fulford and Mendenhall seek an hourly rate of $500 for Attorney Mandelbaum. Fulford and Mendenhall added Attorney Mandelbaum as counsel on appeal based on his experience as an appellate lawyer. He primarily served as a consultant to the lead attorneys on the appeal. All Florida, Fulford, and Mendenhall's attorney's fees expert attests that Attorney Mandelbaum has 35 years of experience and has handled over 500 appeals. (Dkt. 264-5 at 14.) HSIC objects to Attorney Mandelbaum's requested rate, arguing that his work was not necessary and because his fee agreement reflects that he agreed to a rate of $200 an hour. (Dkt. 264-4 at 11–12.) However, Attorney Mandelbaum's fee agreement also states that he agreed to a reduced fee in connection with the goal of later seeking his full fee from the Court. (Dkt. 235-8.) After consideration of the prevailing markets rates and the *Rowe* factors that are not duplicative of step two of the lodestar, it is recommended that an hourly rate of $500 is reasonable for the work performed by Attorney Mandelbaum in connection with the appeal.

Fulford and Mendenhall request fees for 40 hours of work performed by Attorney Hewitt and 8 hours of work performed by Attorney Mandelbaum. (Dkt. 264 at 9.) HSIC has not objected to the number of hours requested as to Attorney Hewitt and Mandelbaum. In the absence of a specific objection, it is recommended that the Court find 40 hours of work performed by Attorney Hewitt and 8 hours of work performed by Attorney Mandelbaum to be reasonable. *See generally Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (noting that objections and proof from fee opponents must be specific and reasonably precise).

Finally, since no multiplier is sought as to the work performed by Attorneys Hewitt and Mandelbaum, it is not necessary to consider any further adjustments to the lodestar. To summarize,

after consideration of the factors set forth in *Rowe*, it is recommended that the Court calculate the lodestar for Attorneys Hewitt and Mandelbaum as follows:

| Fulford/Mendenhall – Declaratory Judgment Appeal | | | |
|---|---|---|---|
| **Attorney** | **Reasonable Rate** | **Number of Hours** | **Total Fee Awarded** |
| Scott K. Hewitt | $300/hr | 40 | $12,000 |
| Samuel R. Mandelbaum | $500/hr | 8 | $4,000 |
| *Combined Lodestar* | | | $16,000 |
| *Multiplier* | | | N/A |
| *Total Fees Awarded* | | | $16,000 |

## II.     The Attorney's Fees Appeal

All Florida, Fulford, and Mendenhall further seek attorney's fees for litigating on appeal the issue of entitlement to the attorney's fees awarded in the Declaratory Judgment Action.  (Dkt. 171.)  HSIC objects to the hourly rates requested and objects that portions of the time entries submitted are vague or excessive.  (Dkt. 273-1.)  Also before the Court is All Florida, Fulford, and Mendenhall's reply in opposition to HSIC's response.  (Dkt. 273-2.)

The Florida Supreme Court has held that "if an insurer loses such a suit but contests the insured's entitlement to attorney's fees, this is still a claim under the policy and within the scope of section 627.428."  *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832–33 (Fla. 1993).  Thus, under Florida law, "time spent seeking entitlement to fees is compensable, but litigating the amount of fees is not recoverable."  *Castro v. Capital One Servs.*, LLC, No. 8:16-CV-889-T-17TGW, 2017 WL 6765258, at *3 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, No. 8:16-CV-889-T-17TGW, 2018 WL 276126 (M.D. Fla. Jan. 2, 2018).

- 16 -

In this case, the Court entered a judgment awarding attorney's fees in favor of All Florida, Fulford, and Mendenhall while the Declaratory Judgment Appeal was pending. (Dkt. 247.) HSIC appealed the award of attorney's fees, arguing that (1) the award was premature and that (2) the Court erred in awarding a contingency fee multiplier. (Dkt. 251.) The Eleventh Circuit held that this Court's order awarding attorney's fees was not premature and that the Court did not abuse its discretion in applying a contingency fee multiplier. *Vaughn*, 749 Fed. App'x at 802-803. Accordingly, because the first issue raised in the appeal involved entitlement to attorney's fees, All Florida, Fulford, and Mendenhall are entitled to an award of attorney's fees in responding to that issue, as the parties acknowledge. (Dkt. 271 at 6; Dkt. 273-1 at 8.)

All Florida, Fulford, and Mendenhall seek the same rates sought in the Declaratory Judgment Appeal: $550 per hour for Attorney Martinez, $450 per hour for Attorney Ferron, and $300 per hour for Attorney Hewitt. For the reasons previously stated, it is recommended that $550 per hour and $450 per hour are reasonable rates for the work of Attorneys Martinez and Ferron on appeal, and that $300 per hour is a reasonable rate for the work performed by Attorney Hewitt in connection with the appeal.

All Florida requests fees for 7.9 hours of work performed by Attorney Hernandez and 39.2 hours of work performed by Attorney Ferron. (Dkt. 271 at 8.) Fulford and Mendenhall seek fees for 14.8 hours of work performed by Attorney Hewitt. (*Id.*) Attorneys Hernandez, Ferron, and Hewitt attest that the fees requested are for work litigating on appeal the issue of entitlement to fees—specifically, the issue of whether the Court's award of attorney's fees was premature. (Dkt. 271 at 18, 25, 32.) In support of their request, Attorneys Hernandez, Ferron, and Hewitt provide affidavits along with their time entries associated with the appeal. (Dkt. 271 at 20–23, 27–30, 34–36.)

In response, HSIC objects that some of Attorney Hernandez's and Attorney Ferron's time entries are too vague to be attributed to a particular aspect of the appeal. (Dkt. 273-1 at 8–9.) As HSIC argues, All Florida, Fulford, and Mendenhall, are not entitled to the full amount of fees for work on appeal that is equally attributable to both issues raised in the appeal. In addition, Attorney Hernandez's and Attorney Ferron's time entries reflect that they have included all of their non-categorized work, such as appellate mediation, within their fee request. Thus, the time entries do not support the full amount of the fees sought. It is therefore recommended that HSIC's objection be sustained and that the Court find 6.1 hours of Attorney Hernandez's work on appeal to be reasonable and 30.2 hours of Attorney Ferron's work on appeal to be reasonable. This calculation attributes half of Attorney Hernandez's and Attorney Ferron's uncategorized work to the entitlement issue, and half of the work to the contingency multiplier issue.

HSIC also objects to the hours requested as to Attorney Ferron for work performed on May 24, 2018, pointing out that Attorney Ferron's time entries for that day reflect that she worked 21.2 hours. (Dkt. 273-1 at 9.) As HSIC argues, All Florida, Fulford, and Mendenhall filed their Answer Brief on May 24, 2018, at 11:31 p.m. (*Id.*) The objected-to time entries for May 24, 2018, are reasonable in light of the work performed on that day, and the time entries are not duplicative of other work performed in drafting the Answer Brief. It is therefore recommended that HSIC's objection as to Attorney Ferron's time entry for May 24, 2018, be overruled.

All Florida does not seek a further enhancement of the lodestar. In light of the forgoing, the lodestar sum as to All Florida in the attorney's fee appeal is as follows:

| All Florida – Attorney's Fees Appeal | | | |
|---|---|---|---|
| **Attorney** | **Reasonable Rate** | **Number of Hours** | **Total Fee Awarded** |
| Daniel A. Martinez | $550/hr | 6.1 | $3,355 |

| Weslee L. Ferron | $450/hr | 30.2 | $13,590 |
|---|---|---|---|
| *Combined Lodestar* | | | $16,945 |
| *Multiplier* | | N/A | |
| *Total Fees Awarded* | | | $16,945 |

As to the request for fees for work performed by Attorney Hewitt, Attorney Hewitt attests that his role in the appeal solely pertained to the issue of entitlement. (Dkt. 271 at 32.) Attorney Hewitt's clients, Fulford and Mendenhall, did not seek a contingency fee multiplier. (Dkt. 246.) Thus, Attorney Hewitt's involvement in the appeal was solely focused on entitlement to fees, as reflected in Attorney Hewitt's time entries. (Dkt. 271 at 34–36.) Accordingly, it is recommended that the Court find 14.8 hours of work performed by Attorney Hewitt in connection with the Attorney's Fees Appeal to be reasonable. Fulford and Mendenhall do not seek a further enhancement of the lodestar. In light of the forgoing, the lodestar sum as to Fulford and Mendenhall in the Attorney's Fees Appeal is as follows:

| Fulford/Mendenhall – Attorney's Fees Appeal | | | |
|---|---|---|---|
| **Attorney** | **Reasonable Rate** | **Number of Hours** | **Total Fee Awarded** |
| Scott K. Hewitt | $300/hr | 14.8 | $4,440 |
| *Lodestar* | | | $4,440 |
| *Multiplier* | | N/A | |
| *Total Fees Awarded* | | | $4,440 |

Accordingly, it is **RECOMMENDED:**

1.      Defendants' Motion for Determination of Appellate Attorney's Fees (Dkt. 246) be **GRANTED** in part as follows:

(1) All Florida be awarded reasonable attorney's fees of $111,585.00 under Section 672.428 of the Florida Statutes; and

(2) Mendenhall and Fulford be awarded reasonable attorney's fees of $16,000.00 under Section 627.428 of the Florida Statutes.

2.      Defendants' Motion for Attorney's Fees (Dkt. 271) be **GRANTED** in part as follows:

(1) All Florida be awarded reasonable attorney's fees of $16,945.00 under Section 627.428 of the Florida Statutes; and

(2) Mendenhall and Fulford be awarded reasonable attorney's fees of $4,440.00 under Section 627.428 of the Florida Statutes.

**DONE** and **ORDERED** in Tampa, Florida, on July 9, 2019.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.