# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HOUSTON SPECIALTY INSURANCE COMPANY,

    Plaintiff,

v.                                                                     Case No.: 8:14-cv-1187-EAK-JSS

ENOCH VAUGHN, et al.,

    Defendants.
_____

## ORDER

Currently before the undersigned is the Report and Recommendation ("**R&R**") of United States Magistrate Judge Julie S. Sneed. (Doc. 278). By the thorough and well-reasoned R&R, Judge Sneed recommends that Defendants All Florida Weatherproofing & Construction, Inc.'s ("**All Florida**"), Richard Fulford's, and Robert Mendenhall's (collectively, "**Defendants**") motions for an award of an appellate attorney fee, (Docs. 264, 271), be granted in part, (Doc 278). All Florida objects in part. (Doc. 279).

After successfully defending on appeal to the Eleventh Circuit both the entry of a declaratory judgment in their favor and a corresponding award of an attorney fee, Defendants now request an award of an appellate attorney fee. (Docs. 264, 271). Judge Sneed recommends the undersigned grant Defendants' motions in part, to the extent that All Florida be awarded $128,530.00 and Fulford and Mendenhall be awarded $20,440.00. (Doc. 278). Her recommendation doesn't include an award of

a fee multiplier for defending either appeal; and, in fact, Judge Sneed recommends the undersigned deny any such request. All Florida objects to Judge Sneed's recommendation that the undersigned deny All Florida's request for a fee multiplier for its work in defending the appeal of the declaratory judgment. Additionally, All Florida requests the Court award prejudgment interest as a matter of law on any fee award. The R&R doesn't include a recommendation regarding an award of prejudgment intertest.

Under the Federal Magistrates Act ("**Act**"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. Id. § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations." Id. § 636(b)(1). On review, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." Id. When no timely and specific objections are filed, caselaw indicates the district judge should review the magistrate judge's proposed findings and recommendations using a clearly erroneous standard. See Gropp v. United Airlines, Inc., 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

After careful consideration of the R&R, in conjunction with an independent examination of the pertinent portions of the file and a de novo review of Judge Sneed's findings and recommendations, the undersigned will overrule All Florida's objections, adopt the R&R, and deny All Florida's request for a fee multiplier. See Wells v. U.S. Steel, 76 F.3d 731, 737 (6th Cir. 1996) (holding that enhancement of a lodestar calculation with a fee multiplier is within the sound discretion of the district court).

The Court will grant All Florida's request for an award of prejudgment interest. See Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 930–31 (Fla. 1996). See also Lumpuy v. Scottsdale Ins. Co., No. 8:11-cv-2455-SCB-MAP, 2015 WL 1708875, at *4 (M.D. Fla. Apr. 15, 2015) (Bucklew, J.) (awarding prejudgment interest on appellate attorney fee award at the statutory rate as of the date the Eleventh Circuit issued its opinion affirming the order of the district court).

Accordingly, it is **ORDERED** as follows:

1. Judge Sneed's R&R, (Doc. 278), is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Defendants' Motion for Determination of Appellate Attorney's Fees, (Doc. 264), is **GRANTED IN PART** as follows:

    a. All Florida is awarded $111,585.00.

    b. Mendenhall and Fulford are awarded $16,000.00.

    c. Defendants are entitled to prejudgment interest on these amounts, with interest accruing from March 30, 2018.

3. Defendants' Motion for Attorney's Fees, (Doc. 271), is **GRANTED IN PART** as follows:

    a. All Florida is awarded $16,945.00.

    b. Mendenhall and Fulford are awarded $4,440.00.

    c. Defendants are entitled to prejudgment interest on these amounts, with interest accruing from September 11, 2018.

4. Defendants shall submit a proposed form of final judgment awarding appellate attorney fees not inconsistent with this Order within fourteen (14) days.

**ORDERED** in Chambers, in Tampa, Florida, this 30th day of JULY, 2019.

                              ELIZABETH A. KOVACHEVICH
                              UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record